

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. John F. Hawley
Assistant County Attorney
El Paso, Texas

Dear Sir:

Opinion No. O-1386
Re: Whether or not the county clerk is authorized to issue certified copies of vital statistics records on file in his office, and especially whether or not he has authority to issue certified copies of delayed birth certificates.

We are in receipt of your request for an opinion on the following question together with a copy of your own most helpful brief:

"The County Clerk of El Paso County requested an opinion from this office as to whether or not he is authorized to issue certified copies of vital statistics records on file in his office, and especially whether or not he has authority to issue certified copies of delayed birth certificates. The procedure for obtaining such delayed certificates was enacted by the 46th Legislature in House Bill No. 614.

"* * *

"* * *, we are asking that you kindly deliver an opinion on this question * * *"

Article 4477, Vernon's Annotated Civil Statutes, Rules 34a to 55a, dealing with "Vital Statistics", does not expressly provide for the issuance by the county clerk of certified copies of vital statistics records on file in his office. The issuance of certified copies of delayed birth and death certificates is included.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John F. Hawley, page 2

On the other hand, there is no express prohibition contained in the statute against the issuance of such certificates by the county clerk.

Article 1945, Revised Civil Statutes, 1925, provides:

"The clerk shall keep such other dockets, books and indexes as may be required by law; and all books, records and filed papers belonging to the office of county clerks shall at all reasonable times be open to the inspection and examination of any citizen, who shall have the right to make copies of the same."

It has been held that under the above quoted statute that where a Texas citizen desires to make copies of records in the county clerk's office under circumstances entirely reasonable and the county clerk refuses to allow making of copies, there being no discretion on part of clerk, the citizen is entitled to mandamus ordering the county clerk to permit making of copies.

TOBIN vs. SKAGGS, 107 S.W. (2d) 677.

Although we are concerned with "certified copies" of records in the office of the county clerk, not the right of a citizen to make copies of these records, we feel that the opinion has some bearing on the situation at hand and we quote from the TOBIN vs. SKAGGS case cited, supra, as follows:

"The office of county clerk was not created, nor is it maintained, for the private gain of persons occupying it from time to time, nor for the purpose of raising revenues, except as fees may be collected as an incident to its operation for public purposes. It is a purely public office, open alike at all times, and upon the same terms to all members of the public subject to such reasonable rules and regulations as may be imposed, in good faith, by the clerk."

Article 3930, Revised Civil Statutes, 1925, under "fees of office" of county clerk provides, in part:

Hon. John F. Hawley, page 3

"Each certificate to any fact or facts contained in the records of his office, with certificate and seal, when not otherwise provided for * * * $ .50."

Under the above quoted article it is our opinion that indirectly or by implication the Legislature has conferred upon the county clerk blanket authority to issue certificates of fact and certified copies of facts contained in the records of his office in return for a stipulated fee. It must be borne in mind that the office of the county clerk is a purely public office, as pointed out in TOBIN vs. SKAGGS, supra, that it exists primarily for the public convenience, and that the citizens of Texas have access to its records and may make their own copies of such records without hindrance from the clerk.

Recognizing Article 3930, supra, as conferring upon the county clerk the authority to issue certificates of fact and certified copies generally, it is necessary to look to the particular statute or statutes involved to determine whether or not the Legislature has abrogated or modified in any respect this authority of the county clerk which is so closely allied with public necessity and convenience.

We shall not trace the legislative history of Article 4477, Vernon's Annotated Civil Statutes, in respect to "Vital Statistics", but will simply quote those pertinent provisions of the present law which have a direct bearing upon the duties and functions of the county clerk. Article 4477, supra, as originally enacted or subsequently modified has never authorized the county clerk to issue certified copies of vital statistics records.

Rule 36a, Section 3 of Article 4477, divides the state into Primary Registration Districts as follows:

"Each Justice of the Peace Precinct and each incorporated town of 2,500 or more population, according to the United States Census, shall constitute a Primary Registration District, provided the State Board of Health may combine two or more Registration Districts, or may divide a Primary

Hon. John F. Hawley, page 4

Registration District into two or more parts,
so as to facilitate registration, and in cities
of 2,500 or more, according to the last United
States Census Report, where births and deaths
are registered in accordance with a City Ordi-
nance not in conflict with this Act, the City
Clerk shall be the Local Registrar of Births
and Deaths.

"It is hereby declared to be the duty of the
Justice of the Peace in the Justice of the
Peace Precinct, and the City Clerk or City Sec-
retary in the city of 2,500 or more population,
to secure a complete record of each birth and
death that occurs within their respective jur-
isdictions, and is required by this Act."

Rule 51a, Article 4477, supra, provides, in part:

"Blanks and Registration Forms. That the
State Department of Health shall prepare, print
and suply to all registrars all blanks and
forms used in registering, recording, and pre-
serving the returns, or in otherwise carrying
out the purposes of this Act, and each city and
incorporated town shall print and supply its
local registrar, and each county shall print
and supply the County Clerk with permanent rec-
ord books, in form approved by the State Reg-
istrar, for the recording of all births and
deaths occurring within their respective juris-
dictions. * * * If any person desires a tran-
script of any record in accordance herewith,
the State Registrar shall furnish the same upon
application, together with a certificate that it
is a true copy of such record, as filed in his
office, and for his services in so furnishing
such transcript and certificate he shall be en-
titled to a fee of Ten (10) Cents per folie,
Fifty (50) Cents per hour or fraction of an
hour necessarily consumed in making such tran-
script, and to a fee of Twenty-five (25) Cents
for the certificate, which fees shall be paid by
the applicant; provided, that before the issu-
ance of any such transcript, the Registrar

Hon. John F. Hawley, page 5

shall be satisfied that the applicant is properly entitled thereto, and that it is to be used only for legitimate purposes.

"And provided further, that any citizen of the State of Texas wishing to file the record of any birth or death, not previously registered, may submit to the Probate Court in the county where the birth or death occurred, a record of that birth or death written on the adopted forms of birth and death certificates. The certificate shall be substantiated by the affidavit of the medical attendant present at the time of the birth, or in case of death, the affidavit of the physician last in attendance upon the deceased, or the undertaker who buried the body. When the affidavit of the medical attendant or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death, at the time the birth or death occurred, with a second affidavit of some person who is acquainted with the facts surrounding the birth or death, and who is not related to the individual by blood or marriage. The Probate Court shall require such other information or evidence as may be deemed necessary to establish the citizenship of the individual filing the certificate, and the truthfulness of the statements made in that record. The Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 81 of this Act. Such certified copies shall be prima facie evidence in all Courts and shall furnish the forms upon which such records are filed, and no other places

Hon. John F. Hawley, page 6

of the facts stated thereon. The State Bureau
of Vital Statistics form shall be used for
that purpose." (Underscoring ours).

The third paragraph of Rule 53a, Article 4477,
supra, reads as follows:

"And provided further, that the Local Reg-
istrar shall submit to the Commissioners Court
or the County Auditor, as the case may be, a
true and accurate copy of each birth and each
death certificate filed with him, and such
copies shall be deposited in the county clerk's
office, and the county clerk shall be paid for
indexing and preserving such records, such com-
pensation as may be decided upon by the Commis-
sioners Court."

It is very significant that the Legislature
should require the Local Registrar to submit copies of
birth and death certificates to the Commissioners' Court
or the County Auditor for deposit in the County Clerk's
office.

Rule 54a, Article 4477, supra, provides for
"copies of records" from the State Registrar in the fol-
lowing language:

"That the State Registrar shall, upon request,
supply to any properly qualified applicant a
certified copy of the record of any birth or
death registered under provisions of this Act,
for the making and certification of which he
shall be entitled to a fee of fifty cents (50¢)
to be paid by the applicant. And any such copy
of the record of a birth or death, when proper-
ly certified by the State Registrar, shall be
prima facie evidence in all courts and places
of the facts therein stated. * * * "

Since Article 4477, as amended, does not contain
an express provision for issuance of certified copies of
vital statistics records in his office, the question pre-
sents itself as to whether or not the power conferred
under the general law relating to "fees of office", i.e.,
Article 3930, Revised Civil Statutes, 1925, is sufficient
to authorize County Clerks to issue them.

Hon. John F. Hawley, page 7

According to Rules 51a and 53a of Article 4477, supra, it is the duty and responsibility of the County Clerk to record the proceedings of the Probate Court in the hearing involving births and deaths "not previously registered" (Rule 51a) and to index and preserve as a record the copies of birth and death certificates filed with the Commissioners' Court or County Auditor by the local registrar (Rule 53a).

In opinion No. O-1203 of this Department to the Hon. John R. Shook, Criminal District Attorney, San Antonio, Texas, by the writer it was held as follows:

"It is our opinion from a close analysis of the foregoing terms of the amendment conferring jurisdiction on the Probate Court, that it is the manifest intent of the Legislature that the matter of delayed registrations of births and deaths be accorded the status and dignity of a Probate proceeding and that a record of the proceedings be kept. This construction is supported by the general importance of the matter to the public i.e., the establishment of facts concerning births and deaths which should be a subject of permanent record."

By the same reasoning it is apparent that it was not the intention of the Legislature, in providing in Rule 54a, Section 21, that the State Registrar furnish certified copies of records of births and deaths on request, to repeal or take away the right of the County Clerk to supply certified copies of his records.

The records in the office of the State Registrar are simply duplicates of the records in the office of the County Clerk. Furthermore, the records in the County Clerk's office may be copied by any citizen. Nowhere can any express statutory prohibition be found denying to the County Clerk the right to issue certified copies of public records in his custody. It would be useless for him to have copies of birth and death certificates filed with him by the local registrar if he were prohibited from furnishing copies to the public.

Hon. John F. Hawley, page 8

In the absence of an express repeal in Article 4477, as amended, or as originally enacted, of any of the authority of the county clerk to issue certified copies of records, there remains to be considered the question of implied repeal.

The fact that Article 4477, as amended, Rule 54a, Section 21, and as originally enacted, provides:

"That the State Registrar shall, upon request, supply certified copies of its records of births and deaths registered under provisions of this Act"

is not exclusive and would not necessarily repeal a similar right existing in the County Clerk by general law.

Article 4477, Vernon's, supra, as amended, especially Rules 51a and 53a, is an affirmative enactment.

An affirmative enactment, containing no intimation of an intent to repeal a prior statute, does not repeal it if both can stand together.

WHITTENBERG vs. CRAVEN, 258 S.W. 152;
PARSHALL vs. STATE, 138 S.W. 759.

Repeal of statutes by implication is not favored or presumed.

TOWNSEND vs. TERRELL, 16 S.W. (2d) 1063;
LASATER vs. LOPEZ, 217 S.W. 373;
TAXPAYER'S ASSOCIATION vs. HOUSTON INDEPENDENT
  SCHOOL DISTRICT, 81 S.W. (2d) 815;
BURKHART vs. BRAZOS RIVER HARBOR NAV. DIST. 42
  S.W. (2d) 96.

Where by any reasonable construction two acts or statutory provisions can be reconciled and so construed that both may stand, one will not be held to repeal the other.

BURKHART vs. BRAZOS RIVER HARBOR NAV. DIST., supra;
HUNTER vs. WHITEAKER & WASHINGTON, 230 S.W. 1096;
GOFF vs. PACE (Civ. App.) 25 S.W. (2d) 264, Modified (Com. App.) 46 S.W. (2d) 956.

Hon. John F. Hawley, page 9

In our opinion there is no irreconcilable conflict between Article 4477, supra, insofar as it relates to "Vital Statistics" and Article 3930, Revised Civil Statutes, 1925, which authorizes the County Clerk to charge a fee for certified copies of his records.

The question of repeal, whether express or implied, is one of legislative intent. The Legislature in Article 4477, supra, did not expressly prohibit the County Clerks from issuing certified copies of vital statistics records, and the mere fact that the State Registrar received such express authorization does not amount to any implication by repeal since there is no distinct contradiction.

"The doctrine of implied repeal may not be invoked merely because there is some difference, discrepancy, inconsistency or repugnancy between earlier and later legislation. In such case the court will endeavor to harmonize and reconcile the various provisions, and if both acts can stand together, the rule is to let them stand. Even though two acts or provisions relate to the same subject, the prior one will not be held to be impliedly repealed by the subsequent one unless there is an absolute, irreconcilable or necessary conflict; an irreconcilable or unavoidable inconsistency; or a clear, irreconcilable, necessary, positive or unavoidable repugnancy between the two, so that both statutes cannot stand. If there is no such inconsistency or repugnancy, the two may co-exist and there is no implied repeal.

"On the other hand, where two statutes are *in pari materia* and it is impossible to reconcile them, the older statute will be held to be repealed by implication, to the extent of the conflict. In such circumstances it is presumed that the Legislature intended to repeal all laws and parts of laws clearly inconsistent with its later act." 39 TEX. JUR. 143, and cases cited. (Underscoring italics).

There is, of course, no inconsistency and repugnancy between Article 4477 and Article 3930, and the is-

Hon. John F. Hawley, page 10


suance of certified copies of vital statistics records
by both the State Registrar and the County Clerk does
not involve an irreconcilable conflict.

Public policy and public convenience, further-
more, are additional reasons for upholding the authority
of the County Clerk to issue certified copies of all
the records on file in his office.

We call your attention to opinion No. O-1065 to
Hon. Leon Kotosky, Assistant County Attorney, El Paso,
Texas; opinion No. 0-1079, to Hon. Geo. W. Cox, State
Health Officer, Austin; and opinion No. 0-1201 to Hon.
Leo C. Buckley, County Attorney, Zapata; all by the writer,
in respect to Rule 51a of Article 4477, supra.

It is our opinion that the County Clerk has the
authority under Article 5930, Revised Civil Statutes,
1925, to issue certified copies of vital statistics rec-
ords on file in his office, including the authority to
issue certified copies of delayed birth and death certi-
ficates, and that the provisions of Rules 54a to 55a,
Article 4477, Vernon's Annotated Civil Statutes, do not
in any way limit or abrogate this authority.

We wish to call attention, however, to the fact
that in issuing certified copies of vital statistics rec-
ords on file in his office the County Clerk is only certi-
fying to the copies of birth and death certificates filed
with him, not to the originals which are recorded with
the State Registrar at Austin. Furthermore, in this opin-
ion this department is not ruling upon the effect of the
certified copy of a copy issued by the clerk as evidence
or its admissibility as evidence in a court of record.
In this connection it should be noted that Rule 54a, Art.
4477, supra, provides that "any such copy of the record
of a birth or death, when properly certified by the State
Registrar, shall be prima facie evidence in all courts
and places of the facts therein stated" and Rule 51a, Art.
4477, supra, in respect to delayed birth and death record-
ings states that "the State Registrar is authorized to
accept the certificate when verified in the above manner,
and shall issue certified copies of such records as pro-
vided for in Section 21 of this Act. Such certified copies
shall be prima facie evidence in all courts and shall

furnish the forms upon which sudh records are filed,
and no other places of the facts stated thereon. The
State Bureau of Vital Statistics form shall be used for
that purpose."

Trusting that we have fully answered the inquiry
submitted and thanking you very much for your brief, we
are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:ob

APPROVED NOV 7, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN